In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00459-CV

_____

AMANDA JANE REYNOLDS, Appellant

V.

STEPHEN DUANE WELLMAN, Appellee

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 17-05-05353-CV

**MEMORANDUM OPINION**

Amanda Jane Reynolds appeals from the trial court's denial of her application seeking a family-violence-protective order. In three issues, Reynolds argues: (1) the trial court abused its discretion by dismissing her application; (2) Stephen Duane Wellman and his attorney engaged in improper conduct; and (3) that absent evidence of a family relationship, the trial court should have issued a protective order to protect her from stalking. We affirm the ruling the trial court issued on Reynolds' application.

1

Background

In her application seeking a family-violence-protective order, Reynolds alleged that "Stephen Duane (alias Jack, David) Wellman" had "committed family violence and is likely to commit family violence in the future." *See generally* Tex. Fam. Code Ann. § 71.004 (West Supp. 2017). After conducting a trial on the application, the trial court dismissed the case, finding "that the parties do not have a family relationship[.]" The trial court's finding appears to have been based on Reynolds' statement in the hearing that she and Wellman have never had a family or dating relationship.[1]

Analysis

In issue one, Reynolds complains that the trial court committed error when it dismissed her application. We have reviewed the transcript of the trial, which shows that Reynolds and Wellman have never had a family relationship. During the trial, Reynolds stated that she and Wellman were not members of the same family, were never married, and do not have any children together. Reynolds testified that she had never dated Wellman and that he had never dated any of the members of her family.

---

[1] Reynolds told the trial court that she and Wellman had never met in person, but that Wellman was using sophisticated equipment to listen to her and that he was communicating with her by using an unusual technology that used transatlantic sound waves.

Because the record clearly establishes that Reynolds failed to prove that the trial court erred when it dismissed her application seeking a family-violence-protective order, issue one is overruled. *See generally* Tex. Fam. Code Ann. § 82.002 (West 2014).

In issue two, Reynolds complains that Wellman and his attorney engaged in conduct designed to prevent her from proving her case. The record from the court below reflects that after Reynolds filed her application, she filed a motion for sanctions. In that motion, Reynolds asserted that Wellman had served her with frivolous pleadings, including a motion asking that the trial court seal the court's file. Nonetheless, the record of the proceedings that occurred in the trial court fails to show that Reynolds ever secured a ruling on her motions.

Additionally, Reynolds complains in her appeal that Wellman and his attorney failed to respond to requests that she filed seeking discovery. Yet when Reynolds complained during the hearing that Wellman had failed to respond to her requests seeking discovery, the trial court told Reynolds that she had waited too long to bring any disputes over discovery to the court's attention. Reynolds acknowledged that she had failed to complain about any discovery matters prior to the trial, and she then failed to secure a ruling on the merits of any of her pre-trial motions. We hold that

the complaints that Reynolds advances in issue two were not properly preserved for our review on appeal. *See* Tex. R. App. P. 33.1.

In issue three, Reynolds argues that reasonable grounds exist to believe that Wellman has been stalking her and that the trial court should have treated her application as a request seeking a protective order by someone who was being stalked. *See generally* Tex. Code Crim. Proc. Ann. art. 7A.01(a)(1) (West Supp. 2017); *see also* Tex. Penal Code Ann. § 42.072 (West 2016).

Generally, Texas law requires that pleadings give opposing parties reasonable notice of the claims the parties are asserting in the suit. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354-55 (Tex. 1995). But issues that parties have failed to include in their pleadings may be tried by express or implied consent if the trial shows the parties tried the issue by consent. *See* Tex. R. Civ. P. 67. To determine if the record shows that an issue was tried by consent, we do not examine the record for evidence on the issue; instead, we review the record to determine whether the issue was tried. *See Greene v. Young*, 174 S.W.3d 291, 301 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In her appeal, Reynolds points to multiple letters that she filed in the case that she argues support her claim she was being stalked. Nonetheless, the record from the trial shows that the documents Reynolds attempts to rely upon to support the

4

arguments she makes in issue three were never admitted into evidence in the trial. Instead, the record shows that Reynolds asked to admit all her exhibits into evidence at the beginning of the trial and that Wellman objected to them. At that point, the trial court advised Reynolds that she would be required to offer the exhibits individually. Thereafter, Reynolds failed to offer any exhibits into evidence, so none of the documents that she attempts to rely on in arguing her third issue were before the trial court when it ruled.

Additionally, the record does not show that the trial court considered the issue of stalking as a matter the parties tried by consent. Instead, the record shows the trial court reminded Reynolds repeatedly that its task in the trial was to determine whether family violence had occurred. We conclude the record shows that the issue of stalking was not an issue that the parties tried by consent.

We conclude that Reynolds has failed to show that the trial court's judgment should be reversed. Therefore, we affirm.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 19, 2018
Opinion Delivered September 20, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.

5